UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ERNEST THOMAS,

                              Plaintiff,

      -against-

CITY OF NEW YORK, JOSEPH ARNONE, Individually,
ANDREW DESIMONE, Individually, NANCY CIRIGLIANO,
Individually, DANIEL ULSAMER, Individually, DANIEL
MAGEE, Individually, and JOHN and JANE DOE 1 through
10, Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 2977
(NG) (RML)

<u>Jury Trial Demanded</u>

      Plaintiff ERNEST THOMAS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ERNEST THOMAS is an African American man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JOSEPH ARNONE, ANDREW DESIMONE, NANCY CIRIGLIANO, DANIEL ULSAMER, DANIEL MAGEE, and JOHN and JANE DOE 1 through 10 were duly sworn officers of said department and were acting under the supervision of said department and according the their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On April 15, 2011, at approximately 9:15 p.m., in the vicinity of Broad and Gordon Streets, Staten Island, plaintiff ERNEST THOMAS placed an emergency telephone call to 911. Plaintiff truthfully reported that an individual known to him had trespassed on his property and that the individual claimed to have a gun in his possession.

13. Plaintiff stated in his call that he had not seen the gun and was not sure whether the individual did in fact possess a gun.

14. Defendant officers, including but not limited to CIRIGLIANO, ULSAMER, and MAGEE, responded to plaintiff's call and searched the individual. No gun was recovered.

15. Notwithstanding the fact that plaintiff had stated he was not sure whether the individual in fact possessed a gun, the defendant officers arrested plaintiff and charged him with filing a false report.

16. Defendants imprisoned plaintiff until his arraignment on April 16, 2011 in Richmond County Criminal Court on false charges filed against claimant under Docket No. 2011RI003594. Said complaint was based on the false statements of defendant ARNONE.

17. The defendants initiated said prosecution with malice and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

18. On January 17, 2012, the criminal charges were adjourned in contemplation of

dismissal. All charges were subsequently dismissed and sealed.

19. Defendants ARNONE, DESIMONE, CIRIGLIANO, ULSAMER, MAGEE and JOHN and JANE DOE 1 through 10 participated in or failed to intervene in the illegal conduct described herein.

20. Defendants CIRIGLIANO and DESIMONE, who hold the rank of Sergeant, supervised defendants to ARNONE, ULSAMER, MAGEE, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and issuance of process to the plaintiff.

21. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff on account of his race, and pursuant to a *de facto* policy, custom or practice of falsification.

22. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the investigation of incidents, the probable cause required to arrest individuals, and that many officers engage in a practice of falsification.

23. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

24. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

25. As a result of the foregoing, plaintiff ERNEST THOMAS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

<div align="center">

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

</div>

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff ERNEST THOMAS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. As a result of the foregoing, plaintiff ERNEST THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants arrested plaintiff ERNEST THOMAS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35. Defendants caused plaintiff ERNEST THOMAS to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff ERNEST THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.  Defendants maliciously issued criminal process against plaintiff ERNEST THOMAS, causing him to appear in Richmond County Criminal Court.

39.  Defendants caused plaintiff ERNEST THOMAS to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

40.  As a result of the foregoing, plaintiff ERNEST THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.  Defendants had an affirmative duty to intervene on behalf of plaintiff ERNEST THOMAS, whose constitutional rights were being violated in their presence by other officers.

43.  The defendants failed to intervene to prevent the unlawful conduct described herein.

44.  As a result of the foregoing, plaintiff ERNEST THOMAS was falsely arrested and maliciously issued criminal process, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

45. As a result of the foregoing, plaintiff ERNEST THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

48. As a result of the foregoing, plaintiff ERNEST THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The defendants seized plaintiff ERNEST THOMAS, and, detained, arrested, and prosecuted plaintiff because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

51. As a result of the foregoing, plaintiff ERNEST THOMAS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

52. As a result of the foregoing, plaintiff ERNEST THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a custom or practice of falsification, of failure to intervene, and of detaining and arresting individuals based on their race. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ERNEST THOMAS'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the

safety, well-being and constitutional rights of plaintiff ERNEST THOMAS.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ERNEST THOMAS as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ERNEST THOMAS as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ERNEST THOMAS was falsely arrested and maliciously issued criminal process.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ERNEST THOMAS'S constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiff ERNEST THOMAS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from malicious abuse of process;

    D. To receive equal protection under law; and

    E. To be free from the failure to intervene.

62. As a result of the foregoing, plaintiff ERNEST THOMAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ERNEST THOMAS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 20, 2012

<div style="margin-left: 3em;">
LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff ERNEST THOMAS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: 
BRETT H. KLEIN (BK4744)
</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

ERNEST THOMAS,

                                      Plaintiff,

    -against-

CITY OF NEW YORK, JOSEPH ARNONE, Individually,
ANDREW DESIMONE, Individually, NANCY CIRIGLIANO,
Individually, DANIEL ULSAMER, Individually, DANIEL
MAGEE, Individually, and JOHN and JANE DOE 1 through
10, Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                      Defendants.

----------------------------------------------------------------------------X

12 CV 2977
(NG) (RML)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100